UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**THOMAS G. RIDGEWAY**                                                                    **PETITIONER**

v.                                                                          **CIVIL ACTION NO. 5:15CV-P21-GNS**

**MARSHALL COUNTY DISTRICT COURT** *et al.*                              **RESPONDENTS**

**MEMORANDUM OPINION AND ORDER**

Petitioner Thomas G. Ridgeway initiated this action by filing a *pro se* "Motion for Order" (DN 1). Thereafter, in compliance with a notice of deficiency issued by the Clerk of Court, he filed a petition for writ of habeas corpus on a 28 U.S.C. § 2254 form (DN 1-2). He also filed a motion to proceed *in forma pauperis*.

Upon review, **IT IS ORDERED** that the motion to proceed *in forma pauperis* (DN 2) is **GRANTED**.

As to the habeas petition, Ridgeway is challenging Marshall County District Court Case No. 14-M-00447. He reports that he was arrested on October 22, 2014, and charged with fleeing an officer on foot and resisting arrest. He contends that "These charges in Ky carry a maximum of 12 Days" and reports being in jail 93 days at the time he completed the § 2254 form. He states that he pleaded not guilty and has asked for a trial, which has not been held yet. According to Ridgeway, "The Judge will not allow my Due Process to continue. He is Illegally obstructing my Defense." Ridgeway claims "Illegal overimprisonment" and seeks immediate release.[1]

---

[1] Ridgeway additionally seeks the return of property that an officer allegedly took from him. Such relief is not cognizable in a habeas action but must be pursued in a 42 U.S.C. § 1983 civil-rights action.

1

As an initial matter, the Court advises that it does not have jurisdiction over this matter under 28 U.S.C. § 2254 because that statute applies only to applicants seeking to attack a state court *judgment*, *pursuant to which they are in state custody*. 28 U.S.C. § 2254(a) ("[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."). Here, according to Ridgeway, he has not yet been tried or convicted. Review of his petition under § 2254 is, therefore, improper.

Pretrial detainees may, however, in certain circumstances, seek habeas relief under 28 U.S.C. § 2241(c).[2] *See Braden v. 30th Judicial Circuit of Ky.*, 410 U.S. 484, 488, 493 (1973) (finding that petitioner properly brought a § 2241 petition raising his speedy trial claim and seeking an order for an immediate trial); *Atkins v. Michigan*, 644 F.2d 543 (6th Cir. 1981) (pretrial petitions are properly brought under § 2241). As Ridgeway has not yet been convicted and sentenced, the Court will construe his petition as a § 2241 petition.

Upon consideration,[3] the Court concludes that it cannot entertain Ridgeway's § 2241 petition because it is premature. To warrant relief under § 2241, a petitioner is required to exhaust his state remedies prior to bringing such an action. *Braden*, 410 U.S. at 489-90; *Atkins*, 644 F.2d at 546 ("[T]he doctrine of exhaustion of state remedies has developed to protect the state courts' opportunity to confront initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes."). While § 2241 does not statutorily require petitioners to exhaust state remedies prior to bringing an action,

---

[2] Section 2241(c) provides, "the writ of habeas corpus shall not extend to a prisoner unless-- . . . He is in custody in violation of the Constitution or laws or treaties of the United States . . . ."

[3] The Court must dismiss the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

the Supreme Court has nevertheless held that a petitioner must exhaust his state remedies before seeking pretrial habeas relief through a § 2241 petition in federal court. *Braden*, 410 U.S. at 489. The exhaustion requirement was borne of the principles of comity and federalism. Although federal courts possess jurisdiction over pretrial petitions like the one currently under consideration, courts have recognized that they "should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." *Atkins*, 644 F.2d at 546.

> [The abstention] doctrine "preserves the role of the state courts in the application and enforcement of federal law. Early federal intervention in state criminal proceedings would tend to remove federal questions from the state courts, isolate those courts from constitutional issues, and thereby remove their understanding of and hospitality to federally protected interests. Second, (the doctrine) preserves orderly administration of state judicial business, preventing the interruption of state adjudication by federal habeas proceedings. It is important that petitioners reach state appellate courts, which can develop and correct errors of state and federal law and most effectively supervise and impose uniformity on trial courts."

*Braden*, 410 U.S. at 490-91 (quoting Note, <u>Developments in the Law Federal Habeas Corpus</u>, 83 Harv. L. Rev. 1038, 1094 (1970)).

Ridgeway alleges that he has not sought further review by a higher state court because of "Percieved Bias/Criminal Forgery of Case Conflict" and "Percieved unlawful [illegible] Bias Due To Appeals In Former [and] Personal Feelings – Mistrust." He believes, "The best avenue For my Defense, Federal District Court . . . It is my Right To choose The best path of my Defense."

First, despite Ridgeway's claim to the contrary, a criminal defendant in state court does not have a right to seek pretrial intervention by a federal court. Second, his claims of bias and mistrust are wholly conclusory. *Prince v. Straub*, 78 F. App'x 440, 442 (6th Cir. 2003). He, therefore, fails to show that he would be precluded from asserting his constitutional claims

during the course of his criminal trial, on direct appeal, and, if applicable, through a properly filed state collateral attack. Moreover, to the extent Ridgeway claims that the state district court judge will not hold a trial, he has not alleged that he has filed a petition for writ of mandamus in the appellate court asking that court to compel the district court to act.

Ridgeway's request for intervention by this Court is an attempt "to disrupt the orderly functioning of state judicial processes." *Braden*, 410 U.S. at 491. To rule on the merits of his petition at this time would undermine the legitimate interests of federalism by "derail[ing] . . . a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Id.* at 493.

Because Ridgeway has not availed himself of any state-court remedy, the petition must be dismissed to allow the state courts to have the first opportunity to address any constitutional challenges he may be attempting to assert.

## *Certificate of Appealability*

Before Ridgeway may appeal this Court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A certificate of appealability (COA) may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

"Where a district court has rejected the constitutional claims on the merits, . . . [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. When, however, "the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of

a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* In such a case, no appeal is warranted. *Id.*

The Court is satisfied in the instant case that no jurists of reason could find its ruling to be debatable or wrong. Thus, a COA is not warranted.

The Court will enter an Order consistent with this opinion.

Date: March 12, 2015

Greg N. Stivers, Judge
United States District Court

cc:   Petitioner, *pro se*
      Attorney General, Commonwealth of Kentucky, Office of Criminal Appeals, 1024 Capital Center Drive, Frankfort, KY 40601
4416.005

5